UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GREGORY WARREN,

                                           Plaintiff,

       v.

GLEN S. GOORD, *et al.*,

                                           Defendants.

**ORDER**

**99-CV-296F**

      The parties to this action consented pursuant to 28 U.S.C. § 636(c)(1) on April 21, 2000. On September 30, 2002, the undersigned issued a Decision and Order (Doc. No. 68) ("September 30, 2002 Order") granting summary judgment in favor of Defendants, denying Plaintiff's cross-motion for summary judgment, and the case was closed. On October 31, 2002, Plaintiff filed a notice of appeal of the September 30, 2002 Order to the Second Circuit Court of Appeals (Doc. No. 70) who, on May 24, 2004, affirmed in part and vacated and remanded in part the September 30, 2002 Order. (Doc. No. 71). Upon remand, the undersigned directed the parties to file further memoranda of law with regard to the remanded issues and, by Decision and Order filed May 26, 2006 (Doc. No. 84) ("May 26, 2006 Order"), dismissed the action in its entirety and the case was again closed.

      On June 23, 2006, Plaintiff filed a notice of appeal with the Second Circuit Court of Appeal (Doc. No. 86). On June 29, 2006, Plaintiff moved pursuant to Fed. R. Civ. P. 60(b)(1), (4) and (6) for an order rescinding the May 26, 2006 Order (Doc. No. 89). However, "the docketing of a notice of appeal with the Second Circuit 'ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule.'" *Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992) (quoting *Ryan v. United*

*States Line Co.*, 303 F.2d 430, 434 (2d Cir. 1962)).  As such, before considering a Rule 60(b) motion, the Second Circuit Court of Appeals "must first give its consent so it can remand the case, thereby returning jurisdiction over the case to the district court." *Toliver*, *supra*, at 49.

In the instant case, Plaintiff did not obtain permission from the Second Circuit to file the Rule 60(b) motion, nor was jurisdiction over the matter "reserved to [the district court] explicitly by statute or rule."  *Toliver*, *supra*, at 49.  As such, the court is without jurisdiction over the motion to rescind (Doc. No. 89) and it is, accordingly, DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	August 2, 2006
	Buffalo, New York