UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GREGORY WARREN,

          Plaintiff,

   v.

GLEN S. GOORD, *et al.*,

          Defendants.

**ORDER**

**99-CV-296F**

---

  The Order filed August 2, 2006 (Doc. No. 91) is hereby VACATED.

  The parties to this action consented pursuant to 28 U.S.C. § 636(c)(1) on April 21, 2000. On September 30, 2002, the undersigned issued a Decision and Order (Doc. No. 68) ("September 30, 2002 Order") granting summary judgment in favor of Defendants, denying Plaintiff's cross-motion for summary judgment, and the case was closed. On October 31, 2002, Plaintiff filed a notice of appeal of the September 30, 2002 Order to the Second Circuit Court of Appeals (Doc. No. 70) who, on December 2, 2003, affirmed in part and vacated and remanded in part the September 30, 2002 Order. *Warren v. Goord*, 81 Fed. Appx. 400, 401 (2d Cir. 2003) (table) ("*Warren*").

  Upon remand, the undersigned directed the parties to file further memoranda of law with regard to the remanded issues and, by Decision and Order filed May 26, 2006 (Doc. No. 84) ("May 26, 2006 Order"), dismissed the action in its entirety and the case was again closed. On June 23, 2006, Plaintiff filed a notice of appeal with the Second Circuit Court of Appeal (Doc. No. 86).

  On June 29, 2006, Plaintiff moved pursuant to Fed. R. Civ. P. 60(b)(1), (4) and (6) for an order rescinding the May 26, 2006 Order (Doc. No. 88), attached to which is Plaintiff's supporting Affidavit ("Plaintiff's Supporting Affidavit"). Plaintiff asserts that in

*Warren*, *supra*, the Second Circuit specifically found that Plaintiff had asserted the elements of a First Amendment retaliation claim, which was to be considered upon remand. Plaintiff's Supporting Affidavit ¶ 12. Plaintiff further maintains that the undersigned was thus without jurisdiction to dismiss the First Amendment retaliation claim. *Id*.

"[T]he docketing of a notice of appeal with the Second Circuit 'ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule.'" *Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992) (quoting *Ryan v. United States Line Co.*, 303 F.2d 430, 434 (2d Cir. 1962)). As such, before granting a Rule 60(b) motion, the Second Circuit Court of Appeals "must first give its consent so it can remand the case, thereby returning jurisdiction over the case to the district court." *Toliver*, *supra*, at 49. Nevertheless, such remand is necessary only if the district court is inclined to grant the Rule 60(b) motion; otherwise, the district court "can entertain and *deny* the rule 60(b) motion." *Id*. (italics in original)

In the instant case, Plaintiff did not obtain permission from the Second Circuit to file the Rule 60(b) motion, nor was jurisdiction over the matter "reserved to [the district court] explicitly by statute or rule." *Toliver*, *supra*, at 49. As such, the court is without jurisdiction to grant the motion, but is not without jurisdiction to entertain and deny the motion.

Upon considering Plaintiff's Rule 60(b) motion, a plain reading of *Warren*, *supra*, establishes the Second Circuit did not specifically find, as Plaintiff maintains, that Plaintiff had established the elements of a *prima facie* First Amendment retaliation claim. Rather, the Second Circuit vacated and remanded the dismissal of Plaintiff's

Equal Protection retaliation claim, with instructions to construe such claim as a First Amendment retaliation claim.  *Warren*, *supra*, at 401.  Upon remand, the undersigned proceeded accordingly, and dismissed the First Amendment retaliation claim for failure to state a claim and for lack of standing.  May 26, 2006 Order at 24-30.  As such, the undersigned did not violate any order of the Second Circuit, and Plaintiff's Rule 60(b) motion is without merit.

Plaintiff's motion to rescind (Doc. No. 88) is, accordingly, DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	August 3, 2006
	Buffalo, New York